Hon. Marc L. Parris County Attorney, Rockland County
This is in response to your request for an opinion as to whether there is a conflict of interest or incompatibility where a Civil Service Attorney in the Office of the County Attorney, who is not designated as an Assistant County Attorney, assumes the Office of Acting Village Justice in a Village within the County and/or a Town Justice.
In 1971 Atty Gen [Inf Opns] 78, in which a conflict of interest was found where the question presented was whether or not an assistant county attorney may at the same time hold the office of acting village justice, it was stated:
 "I find no constitutional or statutory bar to the holding of these two offices by the same person at the same time. Indeed, Village Law § 4.404 (4) expressly allows village officers to hold another public office unless there results a conflict of interest.
 "There remains the question of incompatibility. Public offices are incompatible when their performance by one person results in a conflict of duty so that conceivably the incumbent of one cannot with propriety discharge the duties of both (People ex rel. Ryan v. Green, 58 N.Y. 295, 304-5).
 "A county attorney must prosecute and defend all civil actions and proceedings brought by or against the county (County Law § 501).
 "An assistant county attorney must perform such of the official duties of the county attorney as may be directed by that official (County Law § 502).
 "Thus an assistant county attorney may be obliged to represent the county in a civil action brought by or against the county in a village court (Uniform Justice Court Act §§ 202, 213, 2300), in which, if he were the acting village justice, he would act as judge in the absence or inability to act of the village justice (Village Law § 187).
 "Although as a practical matter such a situation may be unlikely, the general principle remains and I must, therefore, conclude that neither a county attorney nor any of his assistants should, at the same time, hold either of the offices of village justice or acting village justice."
Contrary to the facts presented in the above opinion, the Civil Service Attorney in your statement of facts will not be designated by you as an Assistant County Attorney under section 502 of the County Law, nor during the absence or inability of the County Attorney shall he perform the powers and duties of the Office of the County Attorney set forth in section 501 of the County Law. He shall perform only those duties which you direct him to perform and in no event in conflict with his position as acting Village Justice and/or Town Justice. As Village or Town Justice, he would disqualify himself from hearing any cases involving the County, there being an additional Justice in the village or town to hear such matters.
Under the circumstances you have described, we conclude that no statutory or common law incompatibility or conflict of interest exist where a Civil Service Attorney who would not assume the duties of the Office of the County Attorney in his absence and who would not be assigned any matters by the County Attorney that would conflict with his duties as acting Village Justice and/or Town Justice, may serve as acting Village Justice and/or Town Justice. We do not, however, pass upon any ethics questions that may be involved in this matter.